FILED
MISSOULA, MT

2006 JUN 8 AM 11 48

PATRICK E. DUFFY

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SHANE BRYAN MCCLANAHAN, | ) | CV 04-49-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MISSOULA SHERIFF'S OFFICE, | ) | |
| MISSOULA DETENTION CENTER, | ) | |
| MISSOULA COUNTY, P. TILLMAN, | ) | |
| L. RANTZ, S. HINTZ, | ) | |
| B. JACOBSON, AND SGT. SCAMMON, | ) | |
| | ) | |
| Defendants. | ) | |

On October 6, 2005, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this matter. Plaintiff did not timely object and has so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff is a state prisoner proceeding *pro se*. He filed this action pursuant to 42 U.S.C. § 1983 and no error exists in Judge Erickson's finding for the dismissal of Plaintiff's claims

-1-

against Defendants Missoula Sheriff's Office, Missoula Detention Center and Missoula County. Given Plaintiff's ability to amend his complaint numerous times and having still failed to produce specific claims about the aforementioned defendants, Plaintiff's claims against these defendants are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Judge Erickson was also correct in recommending dismissal of Plaintiff's claim against Defendant Tillman for his role in misleading the Justice of Peace to establish probable cause; if there was no probable cause to support charges, McClanahan's conviction is invalid.[1] Additionally, Judge Erickson's recommendation to dismiss the claim against the other Defendants for their hindrance of the collection of evidence needed to prove self-defense is appropriate; if they deprived him of his ability to defend himself, his conviction is invalid. Because the essence of these claims is to challenge the validity of Plaintiff's conviction itself, a writ of habeas corpus is the appropriate form of relief, not a § 1983 complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). If the petitioner seeks civil damages under § 1983 and awarding these damages would imply the Plaintiff's conviction or sentence are invalid then the complaint must be dismissed in

---

[1] Alternatively, McClanahan's conviction precludes him from establishing that he suffered any damages as a result of having been charged with a crime. In that event, he still fails to state a claim on which relief may be granted.

accordance with *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). Both of the claims above, if true, would imply that the Plaintiff's conviction be invalidated because it would necessarily show errors in the initial conviction. Following this reasoning the *Heck* rule applies and mandates the claims be dismissed.

Based on the foregoing reasons, this Court adopts Judge Erickson's Findings and Recommendation (doc. 15) in full.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Missoula Sheriff's Office, Missoula Detention Center and Missoula County are **DISMISSED**.

2. Plaintiff's claims regarding the state court's finding of probable cause and alleged interference with Plaintiff's claim of self defense are **DISMISSED**.

DATED this ___ day of June, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court