```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MONTANA
                        MISSOULA DIVISION
     _____

SHANE BRYAN MCCLANAHAN            Cause No. CV 04-49-M-JCL

         Plaintiff,

     vs.                          FINDINGS AND RECOMMENDATION
                                  OF U.S. MAGISTRATE JUDGE
P. TILLMAN, L. RANTZ,
S. HINTZ, B. JACOBSON, and
SGT. SCAMMON,

         Defendants.
     _____
```

The Plaintiff initiated this action in October 2003 seeking compensation for alleged violations of his constitutional right, as an inmate in prison, to receive appropriate medical care. After reviewing Plaintiff's allegations and allowing him to amend his pleadings, the Court ordered service of his Second Amended Complaint on some of the Defendants.[1]  The above-named Defendants filed their Answer on November 29, 2005.

On January 9, 2006, the Court appointed counsel for the

---

[1] Plaintiff's pleadings also named the Missoula Sheriff's Office, the Missoula Detention Center, and Missoula County as Defendants, but the Court did not order service of Plaintiff's Second Amended Complaint on them.  On June 8, 2006, Chief Judge Donald W. Molloy dismissed them from this action.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

Plaintiff.  Despite counsel's efforts the Plaintiff was not satisfied with counsel's assistance and on June 21, 2006, he filed a motion requesting appointment of a new attorney.  On July 26, 2006, the Court issued its Order discharging Plaintiff's counsel, and denying his request for a new attorney.

Additionally, in its July 26, 2006 Order the Court directed the Plaintiff to advise the Court by August 11, 2006, as to whether he retained a new attorney, or whether he intends to proceed *pro se*.  Plaintiff did not respond to the Order.

In light of the Plaintiff's failure to respond to the July 26 Order, on September 5, 2006, the Court ordered him to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for his failure to prosecute.  The Plaintiff did not respond to that Order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court."  The Court may dismiss a case under Rule 41(b) *sua sponte*.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Although this case has been pending since 2003, substantively it is not any closer to resolution due to Plaintiff's failure to actively pursue his claims. This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by other litigants who comply with the Court's orders. Both the Court and the Plaintiff's appointed counsel have already consumed time and expended resources in an effort to move this case towards a resolution, but based on the Plaintiff's failure to respond to the Court's orders it now appears he has no interest in pursuing his claims.

Under these circumstances, in the interest of judicial economy the Court's time is better spent on cases in which the litigants are actively pursuing their claims.  This factor weighs in favor of dismissal.

### 3.  Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

The Plaintiff's delays in prosecuting this case will prejudice Defendants' ability to defend.  As time goes on, the facts supporting the claims, and witnesses' memories of such facts become stale, making it more difficult for either party to litigate this case.  All of this delay, caused by Plaintiff, sufficiently prejudices Defendants and threatens to interfere with the rightful decision of the case.  *Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation).  *See also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

### 4.  Alternatives

The Court has already afforded the Plaintiff opportunities to avoid a dismissal of this case.  The Court has twice vacated pretrial conferences set for May 2, and August 3, 2006, to give

the Plaintiff additional time to evaluate his case. Following the discharge of court-appointed counsel at the Plaintiff's request, the Court gave him an opportunity to consider whether he desired to continue to pursue his claims with new counsel or on his own. Finally, the Court issued a show cause order giving him an opportunity to explain why this case should not be dismissed. In that Order the Court cautioned the Plaintiff that his failure to respond could result in the dismissal of his case. Plaintiff has not responded to the Orders, has not taken advantage of the opportunities previously provided to him, and has not heeded the warning that this case could be dismissed. There is no reason to expect the Plaintiff will "respond more satisfactorily to a second round" of opportunities than he did the first time. *Henry*, 983 F.2d at 948. The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

   5.  **Disposition on Merits**

   Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal.

   Based on the foregoing, although the policy in favor of disposition on the merits weighs against dismissal under Rule

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, the risk of prejudice to the Defendants, and the lack of meaningful alternatives weigh in favor of dismissal.  Accordingly, the Court enters the following:

## RECOMMENDATION

This case should be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this   30th   day of October, 2006.


            /s/ Jeremiah C. Lynch
            Jeremiah C. Lynch
            United States Magistrate Judge